UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXYTE U.S., INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>-against-<br><br>ATHENEX, INC. and IMMUNITYBIO, INC.,<br><br>　　　　　　　　　Defendants. | Case No. 24-cv-00242<br><br>**NOTICE OF REMOVAL**<br><br>From: Supreme Court of the State<br>New York, County of Erie<br>(Index No. 812016/2022) |

**TO:   CLERK OF THE UNITED STATES DISTRICT COURT
　　　　FOR THE WESTERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that Emerald Capital Advisors, in its capacity as the Liquidating Trustee (the "Liquidating Trustee") of the Athenex Liquidating Trust (the "Liquidating Trust"), as successor-in-interest to defendant Athenex, Inc. pursuant to the *Combined Disclosure Statement and Plan of Liquidation of Athenex, Inc. and its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* (defined herein), hereby removes (the "Notice of Removal") the above-captioned proceeding styled, *Exyte U.S., Inc. v. Athenex, Inc. et al.,* (Index No. 812016/2022) (the "Civil Action") from the Supreme Court of the State of New York, County of Erie, to the United States District Court for the Western District of New York pursuant to 28 U.S.C. §§ 1334(b) & 1452, and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**FACTUAL & PROCEDURAL BACKGROUND**

1.　　On October 5, 2022, Exyte U.S., Inc. ("Exyte" or the "Plaintiff") commenced the Civil Action in the Supreme Court of the State of New York, County of Erie (the "State Court") by filing a *Summons & Complaint* against Athenex and ImmunityBio, Inc. ("ImmunityBio" and together with Athenex, the "Defendants") seeking damages for breach of contract and related

7637046

claims in connection with the design and build of a pharmaceutical manufacturing facility in Dunkirk, New York (the "Project"). *See* **Exhibit 1**.[1]

2. On May 14, 2023, Athenex and five affiliated companies (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). The cases are jointly-administered under case number 23–90295 (the "Bankruptcy Cases") and are currently pending before the Honorable Marvin Isgur.[2]

3. The Civil Action is currently stayed pursuant to the operative provisions Section 362 of the Bankruptcy Code as well as an order of the State Court. *See* **Exhibit 72**.

4. On July 20, 2023, Exyte filed proof of claim no. 10317 in the approximate amount of $8.47 million (the "Exyte Proof of Claim") in the Debtors' Bankruptcy Cases for damages arising out of the Project.[3]

5. On May 25, 2023, ImmunityBio filed proof of claim no. 10016 in the approximate amount of $14.75 million (the "ImmunityBio Proof of Claim") in the Debtors' Bankruptcy Cases, asserting, *inter alia*, breach of contract damages relating to an asset purchase agreement in which ImmunityBio purportedly purchased Athenex's leasehold interest in the Project.[4]

---

[1] Copies of all State Court pleadings and process are attached hereto as **Exhibits 1-76**. Pursuant to Local Rule 81(a)(3), an index of all documents filed in the State Court Action is attached hereto as **Exhibit 77**. Pursuant to Local Rule 81(a)(1), a completed civil cover sheet is attached hereto as **Exhibit 78**.

[2] Citations herein to the "Decl." refer to the Declaration of Brett S. Moore in Support of Notice of Removal and Motion to Transfer Venue, filed contemporaneously with this Notice, and Exhibits A-I attached thereto. A copy of the Notice of Chapter 11 Bankruptcy Case, as well as a copy of the docket in the Bankruptcy Cases, are attached to the Decl. as **Exhibit A** and **Exhibit B**, respectively.

[3] A copy of the Exyte Proof of Claim is attached to the Decl. as **Exhibit C**.

[4] A copy of the ImmunityBio Proof of Claim is attached to the Decl. as **Exhibit D**.

6. On September 12, 2023, the Bankruptcy Court entered the *Order Granting Final Approval of Disclosure Statement and Confirming Plan of Liquidation of Athenex, Inc. and Its Affiliated Debtors under Chapter 11 of the Bankruptcy Code* (the "Confirmation Order"), confirming the *Combined Disclosure Statement and Plan of Liquidation of Athenex, Inc. and its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan").[5]

7. The Effective Date of the Plan, as defined therein, occurred on September 22, 2023. *See Notice of Confirmation and Occurrence of Effective Date of Debtors' Plan of Liquidation*, a copy of which is attached to the Decl. as **Exhibit G**.

8. The Plan provided for, among other things, the establishment of the Liquidating Trust, and the appointment of Emerald Capital Advisors as Liquidating Trustee. *See* Confirmation Order at ¶ O; *see also* Liquidating Trust Agreement, attached to the Decl. as **Exhibit H**.

9. Pursuant to the terms of the Plan, the Liquidating Trust has the sole "authority, standing and discretion to control, pursue, enforce, prosecute, monetize, and collect" upon all causes of action against creditors of the Post-Effective-Date Debtors (as that term is used in the Plan), including the Civil Action. *See* Plan, p. 18; *see also* Confirmation Order at ¶ 43(b) ("Any Claims or Causes of Action that Athenex, Inc. holds relating to the Exyte Litigation, including against Exyte or Immunity Bio, are Estate-Retained Actions or Trust-Retained Actions, as applicable, under the Plan.").

10. On February 7, 2024, the Bankruptcy Court entered that certain *Order Further Extending The Time Within Which Actions May Be Removed* (the "Removal Extension Order")

---

[5] A copy of the Plan is attached to the Decl. as **Exhibit E**. A copy of the Confirmation Order is attached to the Decl. as **Exhibit F**.

which, *inter alia*, extended the period within which the Liquidating Trustee may seek removal of the Civil Action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 through and including March 31, 2024, without prejudice to the Liquidating Trustee's right to seek further extensions thereof.  A copy of the Removal Extension Order is attached to the Decl. as **Exhibit I**.

## JURISDICTION AND BASIS FOR REMOVAL

11.     Based on the subject matter of the Civil Action, the ongoing claims resolution process in the Bankruptcy Cases, and the proofs of claim filed by Exyte and ImmunityBio in the Bankruptcy Court, the Civil Action arises in a case under Title 11 and is related to a case under Title 11.  *See In re Bizfon, Inc.*, No. 01-12547-JMD, 2002 WL 181975 (Bankr. D.N.H. Jan. 29, 2002) (holding that creditor's prepetition state court action against debtor removed to district court and then transferred to bankruptcy court "arises in" bankruptcy for purposes of removal, even though basis for suit was prepetition contract claim); *Regal Row Fina, Inc. v. Washington Mut. Bank*, CIV. 3:04-CV-1033, 2004 WL 2826817, at *7 (N.D. Tex. Dec. 9, 2004) ("Even though [the] proof of claim was filed after the state court petition, . . . by filing its proof of claim [the creditor] converted plaintiff's the adversary proceeding involving state tort law claims . . . to a proceeding . . . 'arising under' title 11."); *Pan Am. World Airways, Inc. v. Evergreen Int'l Airlines, Inc.*, 132 B.R. 4, 7 (S.D.N.Y. 1991) ("When a creditor files a proof of claim it submits itself to the Bankruptcy Court's equitable power, and the claims, even though arising under state law, become core proceedings within the jurisdiction of the bankruptcy court.").

12.     Furthermore, the Bankruptcy Court has jurisdiction to hear the Civil Action pursuant to the Southern District of Texas District Court's *General Order 2012-6. In Re: Order of Reference To Bankruptcy Judges*.[6]

## PROCEDURAL COMPLIANCE

13.     Pursuant to Bankruptcy Rule 9027, this Notice of Removal, is (i) timely filed with the clerk for the district and division within which the Civil Action is pending; (ii) signed pursuant to Bankruptcy Rule 9011; (iii) accompanied by a copy of all process and pleadings in the Civil Action filed to date in the State Court; (iv) contemporaneously filed with the clerk of the Supreme Court of the State of New York, County of Erie; and (v) properly served upon all parties.

---

[6] Upon removal, the Liquidating Trustee intends to move to transfer venue of this action to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1412, and request that the action then be referred to the United States Bankruptcy Court for the Southern District of Texas. *See Aztec Indus., Inc. v. Standard Oil Co. (In re Aztec Indus., Inc.)*, 84 B.R. 464, 467 (Bankr. N.D. Ohio 1987) ("Plaintiffs removal of the state court action to this District, in order to transfer the case to the Bankruptcy Court for the Northern District of Oklahoma, appears to be the correct procedural approach."); 10 COLLIER ON BANKRUPTCY ¶ 9027.01 (15th ed. rev.) ("Under section 1452(a), the claim or cause of action will be removed to the district in which the civil action (not necessarily the title 11 case) is pending . . . Any party may move to change venue, a motion most frequently made when the court to which the suit was removed is not the court in which the bankruptcy case is pending.").

7637046

WHEREFORE, the Liquidating Trustee respectfully requests that the above-captioned action, now pending in the Supreme Court of the State of New York, County of Erie, be removed to the United States District Court for the Western District of New York, and that said District Court assume jurisdiction over this action and enter such other and further orders as may be necessary to accomplish the requested removal.

Dated: New York, New York
      March 20, 2024

        **PORZIO, BROMBERG & NEWMAN, P.C.**

        */s/ Brett S. Moore*
        Brett S. Moore, Esq.
        1675 Broadway, Suite 1810
        New York, NY 10019
        (212) 265-6888
        (212) 957-3983 Facsimile
        BSMoore@pbnlaw.com

        *Counsel to the Liquidating Trustee for the Athenex Liquidating Trust*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2024, the foregoing Notice of Removal, and all exhibits thereto, were filed via this Court's electronic filing system, and that copies of same were served upon the following parties via FedEx overnight mail:

    PECKAR & ABRAMSON, P.C.
    Attn: Peter E. Moran, Esq.
    1325 Avenue of the Americas, 10th Fl.
    New York, NY 10019
    *Attorneys for Exyte U.S., Inc.*

    OLSHAN FROME WOLOSKY LLP
    Attn: Kyle Bisceglie, Esq.
    1325 Avenue of the Americas, 15th Fl.
    New York, NY 10019
    *Attorneys for ImmunityBio, Inc.*

    BARCLAY DAMON LLP
    Attn: James P. Domagalski, Esq.
    The Avant Building
    200 Delaware Avenue, Suite 1200
    Buffalo, NY 14202

Dated:  March 20, 2024

                                                   */s/ Brett S. Moore*
                                                   Brett S. Moore, Esq.